# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KENNETH E. ADAMS,** | ) | **CASE NO. 1:19CV2084** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **FRITO-LAY, INC., ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Kenneth E. Adams' Motion to Remand and for Attorney's Fees. (ECF # 11). For the following reasons, the Court denies Plaintiff's Motion.

On August 7, 2019, Plaintiff filed his Complaint with the Cuyahoga County Court of Common Pleas, alleging a Negligence claim against Defendants Frito-Lay, Inc. and Rolling Frito-Lay Sales, LP. ("Frito-Lay") for injuries he suffered when he was attempting to load recyclable cardboard from Defendants' business into his truck. Plaintiff attempted to load a bundle of cardboard into his truck when, unbeknownst to Plaintiff, a bundle was secured to a rolling metal cart. When Plaintiff attempted to lift the bundle it caused the cart to topple on top of Plaintiff, causing serious injury.

Plaintiff has also named as Defendants the Ohio Bureau of Workers Compensation ("BWC") and the Ohio Department of Medicaid ("ODM"), challenging their right to recoup amounts expended for Plaintiff's medical costs. ODM has cross-claimed against the Frito-Lay Defendants for reimbursement.

The Frito-Lay Defendants removed the action to federal court on September 11, 2019, based on the Court's diversity jurisdiction under 28 U.S.C. § 1332, and on October 23, 2019, Plaintiff filed his Motion to Remand.

According to Plaintiff, remand is warranted because there is no complete diversity. Plaintiff is an Ohio resident and Defendants ODM and BWC are Ohio entities. The Frito-Lay Defendants are Delaware companies with principal places of business in Texas. Plaintiff further contends the case should not be removed because BWC's subrogation claim arises under Ohio law and 28 U.S.C. §1445(c) prohibits removal of state workers compensation claims.

Plaintiff further argues that remand is required because the Frito-Lay Defendants failed to obtain consent for removal from all Defendants.

Defendants oppose the Motion to Remand, contending there is complete diversity as the BWC and ODM are arms of the State of Ohio and under binding precedent, a State or an arm of the State is not a "citizen" of the State for purposes of diversity jurisdiction. Defendants further contend BWC and ODM are improperly aligned as Defendants and should more appropriately be aligned as third-party Plaintiffs, resulting in complete diversity of parties. Finally, Defendants contend BWC and ODM are not proper parties to the suit but instead were named solely for the purpose of defeating diversity jurisdiction as their

subrogation claims are ancillary to Plaintiff's Negligence claim.

## **LAW AND ANALYSIS**

**Standard of Review**

28 U.S.C. § 1441 "provides that an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F.Supp. 1305, 1307 (E.D. Ky.1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir.2008). The burden of establishing federal jurisdiction rests upon the removing party, i.e., the defendant. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir.1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F.Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F.Supp. 514, 515 (E.D.Ky.1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir.1930). In order "[f]or a federal district court to have original jurisdiction over a civil action based on diversity of citizenship, the amount in controversy must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Freeland v. Liberty Mutual Fire Insurance Co.*, 632 F.3d 250, 252 (6th Cir. 2011).

**Consent to Remove**

The Sixth Circuit has held that failure to obtain the consent of all defendants who have been properly served is fatal to removal.

> Consistent with the prevailing view, we hold that all defendants in the action must join in the removal petition or file their consent to removal in writing within thirty days of receipt of (1) a summons when the initial pleading demonstrates that the case is one that may be removed, or (2) other paper in the case from which it can be ascertained that a previously unremovable case has become removable. (Internal citation omitted). Failure to obtain unanimous consent forecloses the opportunity for removal under Section 1446.

*Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 516 (6th Cir. 2003). However, the Sixth Circuit has further held, "[i]t is true that technical defects in the removal procedure, such as a breach of the rule of unanimity, may not be raised sua sponte, and must be raised by a party within thirty days of removal or they are waived. *Id* at 516-17. Here, the case was removed on September 11, 2019. Plaintiff waited until October 23, 2019 to file his Motion to Remand. Thus, his Motion to Remand is untimely and he has waived any challenges to non-jurisdictional defects in the removal. See 28 U.S.C.A. § 1447. ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

**Diversity Jurisdiction and ODM and BWC**

Although Plaintiff's Motion to Remand is untimely, the Court has an independent obligation to determine whether it has subject matter jurisdiction over the case. Defendant alleges the Court has subject matter jurisdiction over the claims herein due to the diversity of the parties. "...[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the

time of filing." *Grupo Dataflux v. Atlas Glob. Grp., L.P.,* 541 U.S. 567, 569–70, 124 S. Ct. 1920, 1923, 158 L. Ed. 2d 866 (2004). Thus, the Court finds that any post-removal realignment of the parties would not confer on the Court subject matter jurisdiction based on diversity as the Court must consider the alignment of the parties at the time of removal. This leaves only the question of whether the BWC and ODM are arms of the State of Ohio and therefore, not citizens for diversity purposes.

We start with the clear holding of the United State Supreme Court in *Moor v. Alameda Cty.*, wherein the Court held, "[t]here is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction." 411 U.S. 693, 717, 93 S. Ct. 1785, 1800, 36 L. Ed. 2d 596 (1973). The Court further held, "this Court has recognized that a political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes." Ohio law defines "State" as " the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. "State" does not include political subdivisions." Ohio Rev. Code Ann. § 2743.01 (West). Courts in Ohio have found that the ODM and Ohio BWC are arms of the State of Ohio. See *Pelland v. Wal-Mart Stores, Inc. Et al.,* No. 3:16CV1280, 2017 WL 1437506 (N.D. Ohio Jan., 1, 2017) (holding ODM is an arm of the State of Ohio. See also *Howard v. Ohio Supreme Court,* No. CIV.A. 2:07-CV-0514, 2008 WL 148890, at *5 (S.D. Ohio Jan. 14, 2008). ("The Supreme Court of Ohio, the Industrial Commission of Ohio, and the Ohio Bureau of Workers' Compensation are agencies or departments of the State of Ohio."). Thus, there is diversity of citizenship because ODM and BWC are not citizens of the

5

State of Ohio for diversity jurisdiction purposes.

**Removal of Workers Compensation Claim**

Lastly, Plaintiff contends Frito-Lay improperly removed his cause of action against BWC. Federal statute expressly prohibits the removal of an action "arising under" a state workers compensation statute. See 28 U.S.C.A. § 1445(c) which reads, "A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."

The Sixth Circuit has defined the circumstances in which a case "arises under" workers' compensation law as follows:

> A civil action arises under a state workmens' compensation law when either (1) the workmens' compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmens' compensation law.

*Harper v. AutoAlliance International,* 392 F.3d 195, 203 (6th Cir.2004).

Plaintiff alleges Count Three of his Complaint arises out of Sections 4123.93 and 4123.931 of the Ohio Revised Code. O.R.C. § 4123.93 is a definitions Section. Ohio Rev. Code Ann. § 4123.931 reads:

> (A) The payment of compensation or benefits pursuant to this chapter or Chapter 4121., 4127., or 4131., of the Revised Code creates a right of recovery in favor of a statutory subrogee against a third party, and the statutory subrogee is subrogated to the rights of a claimant against that third party. The net amount recovered is subject to a statutory subrogee's right of recovery.

> In his Complaint at Count Three, Plaintiff asserts the following claim against BWC:

> 15. On of after August 8, 2017, Plaintiff Kenneth Adams presented a workers' compensation claim (Claim Number 17-175282) related to the injuries he sustained in the course and scope of his employment with Gateway Recycling.

16. Defendant Ohio Bureau of Workers Compensation has made certain payments to Plaintiff for medical treatment and lost wages and is claiming a right of reimbursement/subrogation from the Plaintiff which should be set forth herein or be forever barred.

Plaintiff contends this claim falls squarely under the workers compensation law and pursuant to 28 U.S.C.A. § 1445, could not be removed.

Frito-Lay argues that Count Three of Plaintiff's Complaint was properly removed because it does not arise under the workers compensation law of Ohio. Instead, Frito-Lay asks the Court to consider that subrogation rights predate the implementation of O.R.C. § 4123.931 and that the statute was merely a codification of the already existing right of BWC to seek subrogation. Thus, its subrogation rights do not arise under the statute but exist independent of the statute. In fact, the statute itself holds that the right of subrogation is automatic and exists regardless of whether the BWC is joined as a party. See O.R.C. § 4123.931(H).

Upon review, the Court holds that Plaintiff's Complaint at Count Three is not a cause of action that would arise under Ohio's workers compensation statute mandating remand. Plaintiff's Complaint at Count Three merely serves as notice to BWC to intervene in the action. The claim seeks no monies from BWC nor does it seek to dispute BWC's right to subrogation but instead seeks to compel BWC's presence in the suit to assert its claims to subrogation in the Negligence action. Thus, BWC's involvement is incidental to the claim of Plaintiff against Frito-Lay. Furthermore, as Defendant points out, courts have routinely realigned BWC in similar circumstances as a Plaintiff when its sole presence in the case is to recover monies from an alleged third party tortfeasor that BWC paid out on behalf of the injured Plaintiff. Thus, remand is not warranted because Count Three of Plaintiff's

Complaint is not a cause of action arising out of workers compensation law nor is his right to relief dependent upon resolution of a substantial question of workers compensation law. Plaintiff may only recover monies from Frito-Lay should he prevail on his Negligence claim, which will not involve any reliance on Ohio's workers compensation laws.

Therefore, for the foregoing reasons, the Court denies Plaintiff's Motion to Remand.

IT IS SO ORDERED.


Date: January 8, 2020         /s/Christopher A. Boyko
                             CHRISTOPHER A. BOYKO
                             United States District Judge